# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44312

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 314 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 13, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TYLER ROBERT ROSES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one year, for delivery of a controlled substance; consecutive indeterminate term of two years for possession of marijuana in excess of three ounces; and determinate term of one year for possession of a controlled substance to run concurrent with sentence for delivery of a controlled substance, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Tyler Robert Roses pled guilty to one count of delivery of a controlled substance, I.C. § 37-2732(a); one count of possession of marijuana in excess of three ounces, I.C. § 37-2732(e); and one count of possession of a controlled substance, I.C. § 37-2732(c). In exchange for his guilty pleas, an additional charge was dismissed. The district court sentenced Roses to a unified

1

term of five years, with a minimum period of confinement of one year, for delivery of a controlled substance; a consecutive indeterminate term of two years for possession of marijuana in excess of three ounces; and a determinate term of one year for possession of a controlled substance to run concurrent with his sentence for delivery of a controlled substance. Roses filed an I.C.R 35 motion, which the district court denied. Roses appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Roses's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Roses's judgment of conviction and sentences, and the district court's order denying Roses's Rule 35 motion, are affirmed.